# Linklaters

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100

The Honorable Paula Xinis
U.S. District Judge
District of Maryland
6500 Cherrywood Lane
Suite 255
Greenbelt, MD 20770

April 8, 2024

**Re:** *United States v. Nader Pourhassan*, No. 8:22-cr-00440-PX

Dear Judge Xinis:

On behalf of Dr. Nader Pourhassan, we write in further support of Dr. Kazem Kazempour's letter dated April 5, 2024, *see* ECF No. 113 (the "**Letter**"), and to further request that this Court order the disclosure of additional FDA communications regarding CytoDyn's Covid-19-related patient and clinical trial data.

In the Letter, Dr. Kazempour properly requested that the Government conduct a full *Brady* review given our preliminary review of the March 29 Production. *See* ECF No. 113 at 1-2, 9. As is the case for Dr. Kazempour, such discovery is material to Dr. Pourhassan's defenses and is exculpatory. In the Government's response, filed today – April 8, 2024 – the Government accuses Dr. Kazempour of "mischaracteriz[ing] the internal FDA communications he has received to date as exculpatory" and disputes that the FDA was acting out of "animus." ECF No. 114 at 1, 5. The FDA communications, however, speak for themselves. For example, on March 27, 2020, when CytoDyn shared results from the first instances of leronlimab treatment on critically ill Covid-19 patients in Intensive Care Units in New York—long before there was any clinical data that might provide a basis on which to question the drug's potential to achieve authorization—an FDA employee commented to colleagues internally "***Approval is OUT OF THE QUESTION!!!***" and "***I HATE THEM***[,]" referring to CytoDyn. *See* Exhibit 1 (DOJ-PROD-0003615641) (emphasis – but not all caps – added). Any reasonable juror would agree that this amounts to animus, and by the FDA's own admission, such "hate" made approval "out of the question."

As this document further demonstrates, the March 29 Production raises concerns extending beyond the BLA allegations, but also to the Covid-19 allegations. The Government has charged Dr. Pourhassan with securities fraud and wire fraud in connection with CytoDyn's and Dr. Pourhassan's statements regarding clinical data and the potential of leronlimab as a treatment for Covid-19. *See* Indictment at Counts 9 and 10 (ECF No. 1). Critically, the Government's allegations in connection with these charges are predicated on the FDA having

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Senior Courts of England and Wales, members of the New York and District of Columbia Bars and foreign legal consultants in New York. It is a law firm authorised and regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on Linklaters LLP's regulatory position.

undertaken an allegedly careful review of data emanating from CytoDyn's clinical trials, and adopted an interpretation of the significance of such data that differed from that of CytoDyn's and Dr. Pourhassan's public statements, and that made the likelihood of CytoDyn securing relevant FDA drug authorizations lower than CytoDyn and Dr. Pourhassan allegedly represented to the public.  Documents like those above contained in the March 29 Production, however, demonstrate that the FDA did not conduct any such careful review.  Instead, the FDA's so-called review appears to have been a sham, with the FDA deciding that it was going to block meaningful consideration of CytoDyn's drug leronlimab before clinical data was even available for its review and interpretation.[1]

When Dr. Pourhassan raised these serious concerns with the Government in a letter dated April 3, 2024, and requested that the Government implement search parameters designed to capture potentially relevant and exculpatory materials in connection with the Covid-19 allegations[2]—as is its duty—the Government refused Dr. Pourhassan's requests outright.  *See* ECF No. 113-3.

Given the proximity of trial, the critical nature of these belatedly disclosed exculpatory documents, and the additional potentially exculpatory and impeachment material the Government retains in its possession—in contravention of its constitutional and statutory discovery duties—Dr. Pourhassan joins Dr. Kazempour's Letter, and looks forward to answering any questions the Court may have at the conference scheduled for April 15, 2024.

Sincerely,


*/s/ Adam Lurie*
_____
Adam Lurie
Linklaters LLP

*Counsel for Dr. Nader Pourhassan*

---

[1] As another example, on April 9, 2020, when CytoDyn informed the FDA that it planned to seek an Emergency Use Authorization (EUA) for leronlimab, Jeff Murray forwarded the e-mail to his FDA colleagues, writing "[t]hey are going to push for an EUA!! What is wrong with him?  ***I say this without even looking at the data***."  *See* Exhibit 2 (DOJ-PROD-0003615535) (emphasis added).

[2] Specifically, in his April 3, 2024 letter to the Government, Dr. Pourhassan requested that: (i) in addition to the custodians already identified and agreed by the parties, the Government include as custodians Peter Stein, Anand Shah, Suzanne Strayhorn, and John Farley, individuals identified as having played an important role in FDA communications with CytoDyn regarding leronlimab as a Covid-19 treatment; (ii) the time period for capturing documents be modified from that already agreed by the parties such that the relevant period runs from March 1, 2020 to May 31, 2021, inclusive of dates key to the Government's Covid-19 allegations; (iii) the search terms remain as previously agreed by the parties, but with the revised approach that any documents that hit on such terms be produced; and (iv) the Government additionally produce any text messages or other communications between or among the custodians that are captured by the aforementioned parameters.  *See* Exhibit 3 at 2-3.

Dr. Pourhassan issued the request for Covid-19-related discovery consistent with his reservation of his rights, in correspondence to this Honorable Court on FDA discovery dated November 3, 2023, to seek additional FDA-related discovery from the Government, "including internal FDA communications concerning CytoDyn's Covid-19 clinical studies and results."  ECF No. 75.