IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NADER POURHASSAN and<br>KAZEM KAZEMPOUR,<br><br>**Defendants.** | CRIMINAL NO. 22-440-PX |

## MOTION TO STRIKE OR SEAL

The United States, by and through the undersigned counsel, submits this motion to strike or seal protected information filed on the public docket in violation of the Protective Order in this case. In support of this motion, the government states as follows:

On January 3, 2024, the court entered a Protective Order. (ECF No. 92.) The Protective Order places limitations on the use of Protected Information in Court Filings. (*Id.* at 4-5). Specifically, the Protective Order provides, in part:

> No party shall file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing as been removed or redacted.

The Protective Order was entered, with the parties' consent, specifically in anticipation of productions from the U.S. Food and Drug Administration, which are designated as Protected Information and must be handled in accordance with the Protective Order.

On January 10, January 18, March 1, March 20, and March 29, 2024, the government produced FDA records to the defendants, and in the cover letters accompanying each production,

the government identified the produced records as confidential and subject to the Protective Order as required. (*See* ECF 92 at 3 ("To designate Protected Information subject to this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER.")

In violation of the Protective Order, the defendants filed unredacted protected information on the public docket, on the following occasions:

1. On March 29, 2024, defendant Kazempour filed a Motion *in Limine* with fifteen exhibits. (ECF 103.) Exhibits 13, 14, and 15 contain confidential materials required to be filed under seal. (ECF 103-13, 103-14, and 103-15.) The same day, defendant Kazempour filed an identical Motion *in Limine* with twelve exhibits, apparently realizing his error in publicly filing confidential materials required to be redacted or filed under seal. (ECF 104). However, defendant Kazempour has not moved to strike ECF 103, and the protected information remains on the public docket. The government hereby moves to strike or seal ECF 103 and its exhibits.

2. On April 5, 2024, defendant Kazempour filed a motion, styled as correspondence, to compel discovery from the FDA, with eighteen exhibits. (ECF 113). Each of the defendant's exhibits contain confidential materials required to be redacted or filed under seal. The government hereby moves to strike or seal ECF 113 and its exhibits.

3. On April 8, 2024, defendant Pourhassan filed correspondence joining Kazempour's motion to compel with three exhibits. (ECF 118, 118-1, 118-2, and 118-3.) Each of the exhibits contain confidential materials required to be redacted or filed under seal. The government hereby moves to strike or seal ECF 118, 118-1, 118-2, and 118-3.

Prior to filing the instant motion, the government conferred with counsel for the defendants. The defendants take the position that the records at issue do not contain protected information.

The Protective Order was entered "to ensure to ensure that protection is afforded to material so entitled, including but not limited to the mandates of the following legislation: the federal Privacy Act, 5 U.S.C. § 552a; the HIPAA Security Rule, codified in 45 CFR Part 160 and Subparts A and C of Part 164; 41 U.S.C. § 1306; and 26 U.S.C. § 6103." (ECF 92 at 1; *see also* id. at 2-3.) The categories of information held by federal government agencies that are protected from public disclosure are enumerated at 5 U.S.C. § 552.  Specifically, the FDA records produced to the defendants contain: information related to internal rules and practices of an agency, inter-agency or intra-agency communications and memoranda, and potentially privileged information, all of which is protected from public disclosure.  *See* 5 U.S.C. § 552(b).

The Protective Order was entered in this case in January 2024, months after the government substantially completed its discovery productions, so that the government could facilitate the defendants' December 2023 requests for internal agency communications and produce information otherwise protected from public disclosure.  There was no other reason to file a Protective Order at that late stage in the proceedings.  The defendants' assertion – that they do not believe the information subsequently produced is protected – is simply incredulous.[1]

Accordingly, the government respectfully requests that the Court grant the government's motion to strike or seal the following: ECF 103 and its exhibits; ECF 113 and its exhibits; and ECF 118 and its exhibits.

---

[1] After the Protective Order was entered, the government's first two productions contained *only* FDA materials, so the defendants cannot also feign confusion as to which records the protective designation in the government's cover letters applied to.  *See* Exhibits 1-2, Government's January 2024 Discovery Cover Letters.

Additionally, pursuant to the Court's order setting deadlines as to the production of FDA materials, the government is required to promptly inform the court if there are any anticipated issues complying with the order. (ECF 102.) The government requests that the Court enforce the Protective Order now so there is no cause for delay to the FDA's next rolling production of materials on Friday, April 12.

Respectfully submitted,

EREK L. BARRON
United States Attorney

By:   /s/ Aaron S.J. Zelinsky
Aaron S.J. Zelinsky
Assistant United States Attorney
United States Attorney's Office
District of Maryland
36 South Charles Street
Baltimore, Maryland 21201
Phone: (410) 209-4928
Email: Aaron.Zelinsky@usdoj.gov


GLENN S. LEON
Chief, Fraud Section, Criminal Division

By:   /s/ Lauren Archer
Lauren Archer
Christopher Fenton
Trial Attorneys
1400 New York Avenue, NW
Washington, DC 20005
Phone: (202) 538-3859
Email: Lauren.Archer2@usdoj.gov