**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

-------------------------------------------------------x

UNITED STATES OF AMERICA,


                                    v.                              8:22-cr-00440-PX

NADER POURHSSAN, and KAZEM
KAZEMPOUR,

                                    Defendants.

-------------------------------------------------------x


**DEFENDANT NADER POURHASSAN'S MOTION TO EXCLUDE**
**EXPERT TESTIMONY OF PETER MELLEY**

Pursuant to Rules 403, 701, and 702 of the Federal Rules of Evidence and Rule 16(a)(1)(g) of the Federal Rules of Criminal Procedure, Defendant Nader Pourhassan ("**Dr. Pourhassan**") respectfully moves this Court to exclude any expert testimony from the government's witness, Peter Melley ("**Mr. Melley**").

## BACKGROUND

The Amended Scheduling Order provided that all parties must disclose experts by March 15, 2024.  ECF No. 94.  The government did not make any expert disclosures but included Mr. Melley on its witness list.  Mr. Melley, who works for the Financial Industry Regulatory Authority ("**FINRA**") but was not involved in the investigation leading to this case, is known to the parties as someone who has served as an expert in criminal matters.[1]  When defendants asked the government whether Mr. Melley was testifying as an expert, the government represented that it does not view Mr. Melley's anticipated testimony as expert testimony, and the government provided counsel "with a proffer of the topics that [it] anticipate[s] [Mr. Melley] will testify about" (the "**Proffer**"), which included the following:

1) provide an overview of capital markets generally, over-the-counter markets specifically, publicly-traded companies, and how publicly-traded companies are financed (e.g., by, among other things, issuing and selling securities like common stock);

2) explain the duties of the CEO of a publicly-traded company, including honesty;

3) explain ways in which a public companies [sic] communicate with their investors and the market, including press releases and periodic SEC filings;

4) explain factors relevant to stock price, including company-specific information communicated by a publicly-traded company to investors in press releases and periodic SEC filings; and

---

[1] *See for example United States v. Gushlak*, No. 03cr–833(NGG), 2011 WL 782295 (E.D.N.Y. Feb. 24, 2011) (where the government relied on Mr. Melley as an expert in calculating alleged losses in a securities fraud and money laundering action).

    5)  summarize CYDY's issuance and sale of securities (which will likely be an FRE 1006 summary chart exhibit that summarizes voluminous information from CytoDyn's 10-Qs and 10-Ks[]).

Government e-mail to Counsel (March 27, 2024, 7:08 pm EST) (Pourhassan Exhibit ("**PX**") 1).

The government characterized Mr. Melley's testimony as "Securities 101." *Id.* However, topics (1), (2), (3), and (4) (the "**Melley Expert Topics**") all clearly involve expert testimony, and while topic (5) requires specialized knowledge as well, this is not the primary focus of the instant motion. *See* Counsel e-mail exchange (March 28, 2024, 9:27 pm EST) (PX 2). When Dr. Pourhassan objected to the government regarding the Melley Expert Topics, he focused on topics (2), (3), and (4). However, the government asserted that all of the topics above do not constitute expert testimony.

This assertion was contrary to what the government has argued in prior cases where it sought to call Mr. Melley as a witness. As just one example, in 2015, the government argued to a federal court in Massachusetts that "Mr. Melley's contemplated testimony, in which he will, among other things, explain the over-the-counter securities markets and define various terms for the jury, thus falls squarely within [Rule 702 concerning experts]". Mot. *in limine* Concerning Admissibility of Test. About Securities Regulation and Terminology ("*Shah* **Mot. *in limine***") at 4, *United States v. Shah*, No. 14-CR-10135-NMG, 2015 WL 13892740 (D. Mass. Jan. 20, 2015), ECF No. 62.

Dr. Pourhassan now respectfully requests that the Court preclude Mr. Melley from testifying regarding topics (1), (2), (3) and (4) because: (a) these all require expert testimony;[2] and (b) the government has not provided any notice of such testimony under Rule 16(a)(1)(G) of the

---

[2]      In fact, Dr. Pourhassan disclosed experts on these same topics, and intends to offer Professor Jonathan Macey on issues of corporate governance and Professor David Denis on factors relevant to stock price. *See* Dr. Pourhassan's Expert Disclosures (Mar. 15, 2024), ECF No. 108-1; *see also* Supplemental Expert Disclosures for Professor Macey (Mar. 29, 2024), ECF No. 108-7, and Professor Denis (Apr. 2, 2024), ECF No. 112-4.

Federal Rules of Criminal Procedure.  The Melley Expert Topics all constitute expert testimony because they each require scientific, technical, or other specialized knowledge under Federal Rule of Evidence 702.  Additionally, permitting Mr. Melley's testimony on these topics would be unduly prejudicial and cause jury confusion and should be excluded on this basis as well.

**ARGUMENT**

## I.    THE MELLEY EXPERT TOPICS INVOLVE EXPERT TESTIMONY

Pursuant to Rule 702 and *Daubert*, the court has a "gatekeeping obligation" to ensure that expert evidence is sufficiently relevant and reliable when submitted to the jury.  *Nease v. Ford Motor Co.*, 848 F.3d 219, 230 (4th Cir. 2017); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  In support of this obligation, Rule 16 requires that experts must be disclosed to provide the parties with an adequate opportunity to "test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16(a)(1)(G), Advisory Comm. Notes to 1993 Amendment.

The government may not circumvent the Rules of Evidence and Criminal Procedure by characterizing Mr. Melley as a "summary" and "fact" witness when the majority of his anticipated testimony is expert testimony.  "[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'"  Fed. R. Evid. 701, advisory committee's notes to 2000 amendments.  Any part of a witness's opinion "that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701."  *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008).

This Court has held that "Rule 701 forbids the admission of expert testimony dressed in lay witness clothing."  *United States v. Blair*, Crim. No. ELH-19-00410, 2021 WL 5040334, at *7

3

(D. Md. Oct. 29, 2021).  Rule 701(c), which prohibits testimony from a lay witness that is based on scientific, technical, or other specialized knowledge, "is intended to eliminate the risk that reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."  *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (internal quotation marks omitted).

### A.   Providing the Overview Regarding Capital Markets, Over-the-Counter Markets, Publicly Traded Companies and Financing is Expert Testimony.

As discussed above, the government itself has previously asserted that testimony similar to Topic 1 "falls squarely within [Rule 702]," and is expert testimony.  *Shah* Mot. *in limine* at 4.  This is because there can be no question that Mr. Melley's testimony on Topic 1 would be based on "scientific, technical, or other specialized knowledge" of the securities markets.

Other courts have rejected lay testimony on similar issues involving the securities and other industries.  *See In re MarketXT Holdings, Corp.*, No. 04-12078(ALG), 2011 WL 1422012, at *6 (Bankr. S.D.N.Y. Jan. 7, 2011) (denying lay opinions from non-expert witnesses regarding the state of the securities market as well as the profitability of the day-trading industry because these subjects were reserved for expert testimony); *see also Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004) (testimony from a senior banking official concerning "typical international banking transactions or definitions of banking terms" and what is and is not "considered fraud" was "improperly admitted" as lay testimony—"Bank of China was obligated to satisfy the reliability requirements set forth in that Rule, and disclose Huang as an expert"); *Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098, 1108 (D. Ariz. 2019) ("Rule 701 prohibits [lay] testimony that utilizes sophisticated financial concepts like 'learning curves,' 'fully trained rates,' 'break even rates,' and 'break even points'); *Am. Mfg. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. CV 05-5155(AKT), 2010 WL 741971, at *4 (E.D.N.Y. Feb. 23, 2010 )

(precluding plaintiff's representative from offering testimony that opines on custom and practice as to what is standard in the construction industry); *Victor G. Reiling Assocs. v. Fisher-Price, Inc.*, 406 F. Supp. 2d 171, 174-75 (D. Conn. 2005) (striking a declaration of company's principal who opined on the custom and practice of the toy industry).

For similar reasons, with respect to Topic 1, the government should have sought to qualify Mr. Melley as an expert because Topic 1 is not appropriate lay witness testimony.

**B.    Explaining "the Duties of the CEO of a Publicly-Traded Company, Including Honesty" Is Expert Testimony.**

This testimony is again based on Mr. Melley's specialized training and experience—as such, and for the reasons discussed above, it is not proper lay testimony.[3]   *See Pulse Med. Instruments, Inc. v. Drug Impairment Detection Servs., Inc.*, CIV. A. No. DKC 07-01388, 2009 WL 6898404, at *4 (D. Md. Mar. 20, 2009) (witness who has extensive experience and firsthand knowledge in the relevant field is not a lay witness since witness testimony is plainly based on his "scientific, technical, or other specialized knowledge" under Fed. R. Evid. 702); *see also Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 561 (7th Cir. 2008) ("[t]estimony based solely on a person's special training or experience is properly classified as expert testimony" where witness's valuation attempt was based on his special experience in the tire industry, not on his personal knowledge of the goods in question).

Further, Mr. Melley's proposed testimony under topic (2) would require discussion of fiduciary and other "duties" related to "honesty," corporate governance principles, and sound and proper executive behavior.  However, only an expert witness may testify about such issues.  *See,*

---

[3]      *See* DOJ-PROD-0003616947, Peter Melley's Prior Testimony, PX 3.

*e.g.*, *Powers v. Emcon Assocs., Inc.*, Civ. A. No. 14-CV-03006-KMT, 2017 WL 2718476, at *4 (D. Colo. June 23, 2017) ("the statements in paragraph 16 implicate knowledge of corporate governance. Thus, the court finds paragraph sixteen constitutes expert, rather than lay, testimony" and denying admission of testimony "[b]ecause Plaintiff Powers was not designated as an expert witness"); *Bank of China*, 359 F.3d at 182 (summarized *supra* at I.A.); *United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997) (error where lay witness testified that a bank operated "imprudently" and "latitude under Rule 701 does not extend to general claims about how banks should conduct their affairs"); *Huff v. United States*, 273 F.2d 56, 61 (5th Cir. 1959) (court found reversible error where lay witness, a Supervisory Customs Inspector with 28 years of experience, opined on construction and interpretation of custom laws, statutes, rules and regulations and the nature of the goods at issue).

As the government did not disclose Mr. Melley as an expert witness, he should be precluded from testifying to topic (2) outlined in the Melley Expert Topics.

### C. Testimony Regarding the Type of Information Contained in Press Releases and SEC Filings, and the Process by Which These Public Statements Are Made is Expert Testimony.

Once again, this testimony would be based on Mr. Melley's "scientific, technical, or other specialized knowledge" of the securities markets, the practices of public companies, SEC requirements and related matters, thereby implicating Rule 702 and requiring disclosures pursuant to Rule 16(a)(1)(G). *See United States v. Vega*, 813 F.3d 386, 395 (1st Cir. 2016) (lay testimony should have been precluded, and expert testimony required, where witness testimony was based on witness's "understanding [of] technical Medicare laws and regulations"); *see also Riddle*, 103 F.3d at 429 (improper lay witness testimony where witness discussed "sound banking practices . . . . [And] how the OCC viewed certain complex transactions"); *see also Will*, 386 F. Supp. 3d at 1108 (where witness utilized specialized knowledge and sophisticated financial concepts rather

than personal knowledge garnered from experience as company's interim CFO, court held that witness was an expert rather than a lay witness).

**D.      Mr. Melley's Proffered Testimony to "Explain Factors Relevant to Stock Price, Including Company-Specific Information Communicated by a Publicly-Traded Company to Investors in Press Releases and Periodic SEC Filings," Is Also Expert Testimony.**

Topic (4) of the Melley Expert Topics is also expert testimony because it would again require scientific, technical, or other specialized knowledge.  Indeed, this is especially true with respect to factors related to stock price.  As the Supreme Court has stated, there is a "tangle of factors" affecting a company's stock price, such that the causes of a decline in stock price "may reflect, not the earlier misrepresentation, but changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 343 (2005).

This is why courts routinely require experts, not lay witnesses, to address the factors relevant to a company's stock price.  *See United States v. Singer*, Crim. No. 9:05-cr-00928, 2010 WL 146165, at *5 (D.S.C. Jan. 8, 2010); *see also United States v. Schiff*, 538 F. Supp. 2d 818, 835 (D.N.J. 2008) ("The reason for the use of expert testimony in [the stock price movement] context is clear: the formulas for calculating the reaction of the market to specific disclosures are complicated and not common sense observations that could be left to the jury."), *aff'd*, 602 F.3d 152 (3d Cir. 2010).  Indeed, as courts in this district and others regularly find, an expert event study, not lay testimony, is essential to "explain factors relevant to stock price"—particularly in relation to company-specific public statements.  *See S.E.C. v. Jacoby*, Civ. A. No. CCB-17-3230, 2022 WL 982542, at *2 (D. Md. Mar. 30, 2022) (holding that an expert's properly conducted event study is a valid method to analyze the effect of public statements on stock price); *see also In re*

*Under Armour Sec. Litig.*, Civ. A. No. RDB-17-0388, 2024 WL 1635680, at *6 (D. Md. Apr. 16, 2024) ("The tool most often used by experts to isolate the economic losses caused by the alleged fraud is the 'event study.'") (internal citations omitted); *S.E.C. v. Aly*, No. 16 CIV. 3853 (PGG), 2018 WL 1581986, at *15 (S.D.N.Y. Mar. 27, 2018) (holding that event studies "constitute 'a well-established method for calculating the effect of an event on stock prices,' and are 'an accepted method for evaluating materiality'") (internal citations omitted).

## II.   EVEN IF MR. MELLEY COULD BE QUALIFIED AS AN EXPERT, THE GOVERNMENT IS PRECLUDED FROM DOING SO BECAUSE IT DID NOT COMPLY WITH RULE 16 AND THE COURT'S SCHEDULING ORDER

Even if Mr. Melley could be qualified as an expert witness, he should be precluded from providing any expert testimony as the government did not disclose any experts pursuant to Rule 16(a)(1)(G) and the Court's Amended Scheduling Order (ECF No. 94). Rule 16(a)(1)(G) provides that "the government must disclose to the defendant, in writing, the information required . . . for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed."

The disclosure for each expert must include (i) a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed; (ii) the bases and reasons; (iii) the witness's qualifications; and (iv) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. *Id.* The expert disclosures under Rule 16 are intended to "minimize surprise that often results from unexpected expert testimony" and to provide the parties with an adequate opportunity to "test the merit of the expert's testimony through focused-cross examination." Fed. R. Crim. P. 16(a)(1)(G) advisory committee's note to 1993 amendment.

This requirement goes to the constitutional principles of fairness afforded to litigants to mount an adequate defense and properly confront opposing witnesses. *See United States v. Kelly*, 420 F.2d 26, 29 (2d Cir. 1969) ("[F]airness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts."); *see also United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) (the question becomes whether defendant "was given adequate time to obtain an expert to assist him in attacking the findings of the Government's . . . expert"). Because the government did not make any Rule 16 disclosures, the Melley Expert Topics should be precluded. *See United States v. Mahaffy*, No. 05-CR-613(S-3)(ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (excluding expert testimony for failure to meet disclosure deadlines outlined in the pretrial order and holding "[f]ailure to comply with deadlines set forth by a court is a 'separate and independent basis for precluding [expert] testimony'") (alterations in original) (internal citation omitted); *see also United States v. Foley*, 111 F. App'x 840, 840-41 (6th Cir. 2004) (affirming the lower court's decision to preclude expert testimony for untimely and insufficient expert disclosures pursuant to Rule 16).

## III.    THE MELLEY EXPERT TOPICS SHOULD ALSO BE PRECLUDED UNDER RULE 403

Finally, permitting Mr. Melley to testify as a lay witness—and without satisfying Rule 702—regarding the Melley Expert Topics will be confusing and unduly prejudicial under Rule 403.

Mr. Melley will appear before the jury, on the government's behalf, and as a representative of FINRA, an entity "authorized by Congress to protect America's investors."[4] Despite not being involved in the investigation of this case, he will make pronouncements to the jury regarding—

---

[4]     *About FINRA*, FINRA, https://www.finra.org/about (last visited Apr. 26, 2024).

among other things—a CEO's duties, including a duty of honesty to investors, the importance of accurate company press releases and SEC filings, and how such statements and other factors are relevant to stock price.  Not surprisingly, all of these pronouncements will—as the government will surely argue—bear directly on the government's allegations in this case.

One of the core functions of the Court's "gatekeeper" role is to ensure that witnesses with expertise and related titles are not allowed to lend the imprimatur of expertise to what is lay testimony.  *See, e.g.*, *White v. Estelle*, 554 F. Supp. 851, 858 (S.D. Tex. 1982) ("[W]hen this lay opinion is proferred [sic] by a witness bearing the title of 'Doctor,' its impact on the jury is much greater than if it were not masquerading as something it is not.").  Here, the serious risk of undue prejudice and confusion will exist because Mr. Melley will receive unwarranted credibility for what is being labeled "lay testimony" to the jury.

## CONCLUSION

For all of the reasons set forth above, this Court should grant Dr. Pourhassan's motion to exclude the testimony of Mr. Melley pertaining to the Melley Expert Topics.

Dated:      May 24, 2024

Respectfully submitted,

Linklaters LLP

By:     */s/ Adam S. Lurie*

Adam S. Lurie (MD Bar # 2109280004)
Doug Davison, *Pro Hac Vice*
601 13th St. NW #400
Washington, D.C. 20005
(202) 654-9200
adam.lurie@linklaters.com
doug.davison@linklaters.com

Douglas M. Tween, *Pro Hac Vice*
Nicole E. Jerry, *Pro Hac Vice*
Charlene Valdez Warner, *Pro Hac Vice*
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000
douglas.tween@linklaters.com
nicole.jerry@linklaters.com
charlene.warner@linklaters.com

*Attorneys for Defendant Nader Pourhassan*