**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

United States of America, *

*Plaintiff,*

v. * Criminal Case No. PX 22-440

Nader Pourhassan

*Defendant.* *

******

**MEMORANDUM ORDER**

Pending in this criminal securities fraud case are Defendant Nader Pourhassan's Motion to Continue Bail and Stay Forfeiture and Restitution Pending Appeal, ECF No. 399, and the Government's Motion to Amend Restitution, ECF No. 403. For the reasons stated below, both motions are denied save for the agreed-upon stay of forfeiting Pourhassan's primary residence (the Owego Property) pending appeal.[1] The Court turns first to Pourhassan's motion.

**I. Motion to Continue Bail and Stay Forfeiture and Restitution**

The Court wrote extensively on this trial when denying Pourhassan's post-trial motions and incorporates the factual recitations and legal conclusions here. ECF No. 374. The Court also assumes the parties' familiarity with the record and will not recite the trial evidence for purposes of resolving this motion.

Pursuant to the Bail Reform Act of 1984, a defendant may remain on release pending appeal if (1) he proves "by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) his appeal raises

[1] The Court grants the Government's motion for leave to supplement its response in opposition. ECF No. 401.

"a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143 (b)(1).

Without question, Pourhassan has demonstrated that he is neither a flight risk nor a danger to the community. However, he has failed to demonstrate that his appeal will likely result in reversing his convictions or awarding him a new trial or a reduced sentence less than the expected duration of the appeal. Pourhassan argues that on appeal, the Fourth Circuit is likely to reverse his convictions because this Court erred in: (1) trying his case alongside Kazem Kazempour and then not granting Pourhassan a new trial as it did with Kazempour; (2) erroneously excluding evidence regarding individual stories of Leronlimab's efficacy; (3) concluding that victim-investor testimony had been sufficient to establish materiality of Pourhassan's false representations to the market; and (4) rejecting Pourhassan's loss calculations at sentencing which resulted in an overly punitive prison term. ECF No. 399-1 at 8–9. The Court has previously addressed each of these arguments in prior decisions and proceedings, and for the same reasons already articulated, the Court concludes the Court did not err, and even if it had, the error would not result in a new trial or vacatur of the conviction. Accordingly, the motion for Pourhassan to remain on release pending appeal is denied.

For the same reasons, the Court denies the motion to stay the forfeiture and restitution award, save for the stay requested on Pourhassan's family home, the Oswego Property. ECF No. *Id.* at 23. Federal Rule of Criminal Procedure 32.2(d) permits the Court to stay an order of forfeiture as to final disposition of the property that is subject to forfeiture. *See United States v. Mosby,* No. 22-cr-00007-LKG, 2024 WL 3877613, at *2 (D. Md. Aug. 20, 2024). Generally, as

to forfeiture, courts consider the likelihood of success on appeal, the likelihood that the assets will depreciate over time, the intrinsic value of the assets to the defendant, and the expense of maintaining the forfeited property. *Id.* at *3 (collecting cases). As to the Oswego Property, the Government evidently recognizes the intrinsic value to Pourhassan in not losing his family home before the Fourth Circuit rules on his appeal. Thus, the Government consents to a stay of forfeiture with restriction on Pourhassan's ability to encumber or dissipate the asset. ECF No. 400 at 18. The Court thus grants that motion as to the Oswego Property and under the Government's suggested terms. *See id.* at 18–19. As to the remaining forfeitable assets, the requested stay is denied principally because Pourhassan is not likely to succeed on the merits of his appeal, and there has been thin showing as to how the value of the assets will be maintained.

Last as to Pourhassan's request that the Court stay the restitution order, he singularly argues that because restitution had been imposed on a flawed loss calculation, a stay is warranted. ECF No. 399-1 at 25. The Court disagrees. Because, in this Court's view, Pourhassan is not likely to succeed on the merits of his appeal, and he is equally unlikely to succeed on a challenge to the Government's conservative restitution approach, the Court sees no basis to delay imposition of the order. The motion to stay restitution is denied.

The Court turns next to the Government's motion to amend the restitution amount.

## II. Government's Motion to Amend Restitution

The sentencing hearing for Pourhassan took place on January 23, 2026, during which the Government presented its evidence and argument for the Court's final restitution order. *See* ECF No. 384. At sentencing, and after extensive briefing and argument on restitution, the Court imposed the final restitution figure of $5,392,280.31 based on those investors who demonstrated losses arising from the fraud. ECF Nos. 335-1, 360 & 387; *see also* ECF No. 384 at 73–75. The

final judgment memorializing the sentence and monetary penalties including restitution was issued on the same day. ECF No. 387.

Three months later, on April 20, 2026, the Government moved to amend the restitution order to add four victims, G.G., F.N., M.L., and J.A., not previously included in the restitution request. ECF No. 403 at 3. Based on the same methodology used and adopted for the other victims, FBI Special Agent and Forensic Accountant Peter Flack calculated the additional restitution amounts owed to these victims to be $517,540.62. *Id.* at 1; ECF No. 403-1.

Pourhassan does not challenge mathematical calculations and has previously preserved his objections to the methodology for calculating restitution generally. Those objections are overruled for the same reasons already articulated. Pourhassan further objects to the Court amending restitution well beyond sentencing because the victim losses were ascertainable at the time of sentencing and the Government has failed to show good cause in seeking the restitution now. ECF No. 407 at 4. Pourhassan alternatively argues that a related civil settlement reached but not yet approved in *Courter v. CytoDyn Inc.*, Case No. 3:21-cv-05190-BHS (W.D. Wash.), obviates the need for any amendment to restitution. *Id.* at 5.

Restitution here is governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. The MVRA establishes the process by which the Court fully compensates victims of qualifying crimes. The statute requires that in advance of sentencing, the probation officer preparing the pre-sentence report include a "complete accounting of the losses to each victim." *Id.* § 3664(a). For Pourhassan, the pre-sentence report estimated total victim losses to be about $13,000,000, more than double the final restitution award. ECF No. 326 ¶ 122. The Government, however, advocated for a more conservative—and better supported—restitution figure which included only victims who could demonstrate through brokerage records that they had purchased

CytoDyn stock during the period for which Pourhassan was convicted of defrauding the investor public, and who also sold the same stock after the misinformation was corrected. ECF No. 335 at 49. The Government next calculated the price differential between the falsely inflated price and the accurate and reduced stock price, and multiplied that differential by the number of shares the victim sold. ECF Nos. 335 at 48–49, 335-1, 353 at 6, & 369 at 31–39. The Court accepted the Government's restitution methodology and imposed the requested restitution for those identified victims with sufficient evidence to support their losses. *See* ECF No. 388.

Notably, the Government never suggested at sentencing that the restitution amount for resolution was tentative, or that it would seek amendment of the restitution order once additional sums were ascertained. Rather, the Government confirmed that "[r]estitution is incredibly important," and that the Court should order the restitution requested as of the hearing. ECF No. 384 at 27. Thus, the Court treated the restitution as final at sentencing and based on those victims who had "brought forward the proof of their losses" resulting in the final requested figure of $5,392,280.31. ECF No. 384 at 71–72.

Three months after the Court issued the judgment, the Government moved to amend the restitution order to include G.G., F.N., M.L., and J.A. ECF No. 403 at 3. For victims G.G. and F.N., the Government had not received their brokerage records until after sentencing. *Id.* at 3. M.L. and J.A. contacted the Government for the first time after sentencing but soon after supplied the requisite proof of loss. *Id.*[2] Because the Court lacks a statutory basis to amend the final judgment as requested, the motion must be denied.

"An order to pay restitution is a part of a criminal sentence." *United States v. Grant*, 715 F.3d 552, 554 (4th Cir. 2013); *see also United States v. Cohen*, 459 F.3d 490, 496 (4th Cir. 2006).

[2] This motion has been pending for several months, and the Court has received no additional requests for modification of the restitution order.

Accordingly, absent express statutory exception, the Court cannot modify a restitution order once it is made part of a final judgment. *See, e.g.*, *United States v. Okeke*, Criminal No. 4:19-cr-84, 2026 WL 1454121, at *4 (E.D. Va. May 22, 2026) (limiting the district court's authority to modify restitution to enumerated exceptions in the MVRA). As the Fourth Circuit explained in *United States v. Grant*, 715 F.3d 552 (4th Cir. 2013), after imposition of the sentence, restitution may be modified only pursuant to 18 U.S.C. § 3664(o). *Grant*, 715 F. 3d at 557–59. Subsection (o) provides that the imposition of "an order of restitution is a final judgment," but can be subsequently,

> **(A)** corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
> **(B)** appealed and modified under section 3742;
>
> **(C)** amended under subsection (d)(5); or
>
> **(D)** adjusted under section 3664(k), 3572, or 3613A; or

**(2)** the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

The only conceivable enumerated exception to the final judgment rule for this matter is set forth at § 3664(o)(1)(C), which allows for amendment of restitution pursuant to subsection (d)(5). Subsection (d)(5) sets forth two permissible circumstances for amendment: First, "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." 18 U.S.C. § 3664(d)(5). Or, "[i]f the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief." *Id.*

The Government's request satisfies neither exception. The Government never suggested to the Court that it keep restitution open after sentencing for the 90-day period to include additional claims. Based on this, the Court treated the sentencing hearing as the final hearing on restitution and imposed the restitution amount accordingly.

Nor did any victim with newly discovered losses bring those findings to the Court's attention via a petition for amended restitution order within 60 days and upon a showing of good cause. Rather, the Government sought a final restitution determination and thereafter waited to seek amended restitution three months after the final award, well beyond the 60-day window. Thus, neither of the exceptions to the final restitution judgment applies here.

The Government's reliance on *Dolan v. United States*, 560 U.S. 605 (2010), while inviting, ultimately fails. The Government presses that even if the deadlines set forth in § 3664(d)(5) were not met, the Court should nonetheless construe the subsection "liberally" as *Dolan* did. ECF No. 403 at 5. The Court disagrees.

In *Dolan,* the sentencing Court expressly reserved the final restitution determination after sentencing as permitted under § 3664(d)(5). 560 U.S. at 608. The sentencing court particularly found that it had "insufficient information on the record at this time regarding possible restitution payments that may be owed," so the court left "that matter open, pending the receipt of additional information." *Id.* The probation officer next provided the sentencing court the evidence supporting a requested restitution amount within the 90 days allowable under § 3664(d)(5), but the Court did not reach the restitution question until three months after the 90-day period had run. *Id.* at 609. In this circumstance, the Supreme Court held that the sentencing court was well within its discretion to order restitution even if the court itself had missed the 90-day deadline. *Id.*

at 611. Critically, however, at the time of sentencing, the statutory prerequisites of § 2664(d)(5) *had been met*. Thus, the Court held "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—*at least where, as here, that court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount*." *Id.* at 608 (emphasis added).

Here by contrast, the Government did not satisfy the necessary precondition of alerting the Court or Pourhassan ten days before sentencing (or at sentencing at all) that the victims' losses were not sufficiently ascertainable to proceed. *See* 18 U.S.C. § 3664(d)(5). The Government instead promised finality at sentencing on this and all matters. Thus, § 3664(d)(5) cannot be invoked as a legitimate exception to the finality of this judgment. *See United States v. Bratton–Bey,* 564 Fed. Appx. 28, 29 (4th Cir. Apr. 1, 2014) (per curiam) ("A sentence imposing a restitution order is a final judgment that may not be modified absent one of [the] several enumerated exceptions [in section 3664(o)]."); *see also United States v. Da Silva,* 818 F. Supp. 3d 266, 269 (D.P.R. 2026) (explaining that Court may amend restitution pursuant to § 3664(d)(5) "so long as the Court made clear before the deadline that it would order restitution and left open only the amount"); *United States v. Nelson*, No. 03-80712, 2013 WL 3381436, at *1 (E.D. Mich. July 8, 2013) (declining to modify restitution order because "once a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3664(o)"); *United States v. Young*, Criminal Action No. 1:10-CR-00006-TBR-2, 2012 WL 4023773, at *1 (W.D. Ky. Sep. 12, 2012) (explaining that "[a] sentence that imposes an order of restitution is a final judgment" modified only upon meeting one of the enumerated exceptions under § 3664(o)); *cf. United States v. Petit*, 541 F. Supp. 3d 304, 309 (S.D.N.Y. 2021) ("The Court is skeptical that it

has the authority, nearly 90 days following the sentencing, to amend the judgment, not to finalize the amount of restitution, but to impose in the first instance a term of supervised release, especially where, as here, the Court would be doing so only as a means to impose an otherwise-unavailable restitution order. A district court lacks the authority to alter a sentence after the time of sentencing, except where Congress has provided otherwise.”). The Court denies Government’s motion at ECF No. 403.

Based on the foregoing, and on this 22nd day of September, 2026, the United States District Court for the District of Maryland hereby ORDERS that;

1. Defendant Nader Pourhassan’s Motion to Continue Bail and Stay Forfeiture and Restitution (ECF No. 399) is GRANTED in part and DENIED in part;

a. The motion to continue bail pending appeal is DENIED; Pourhassan shall report for self-surrender at the date and time set forth at ECF No. 426;

b. The motion to stay restitution pending appeal is DENIED;

c. The motion to stay forfeiture of the substitute assets is DENIED as to all property but the Oswego Property; the motion is GRANTED as to the Oswego Property, provided that the Oswego Property is sufficiently maintained, and that the asset is not transferred, encumbered, or otherwise dissipated during the pendency of the appeal;

2. The Government’s Motion to Amend/Correct Restitution at ECF No. 403 is DENIED.

3. The Government’s Motion to Amend/Correct at ECF No. 401 is GRANTED.

September 22, 2026
Date

/s/
Paula Xinis
United States District Judge